UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 11-CV-113-OC-34TEM

DOMENICK CUTUGNO, an individual,
and LINDA CUTUGNO, an individual, on
behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

SECOND CHANCE JAI ALAI LLC, a
Florida Corporation, JOSEPH JAMES
COFFEY, an individual, and BRIAN
MATTHEWS, an individual,

        Defendants.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs, DOMENICK CUTUGNO, and LINDA CUTUGNO, on behalf of themselves and all others similarly situated, by and through his undersigned counsel, and sue the Defendant, SECOND CHANCE JAI ALAI LLC ("SECOND CHANCE"), a Florida corporation, JOSEPH JAMES COFFEY ("COFFEY"), an individual, and BRIAN MATTHEWS ("MATTHEWS"), an individual, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1.    That Plaintiffs, current and former employees of Defendant, bring this collective action on behalf of themselves and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as Second Amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3.      That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.      That at all times material hereto, Plaintiffs, and others similarly situated, were citizens and residents of this judicial district, sui juris and otherwise within the jurisdiction of this Court.

5.      That at all times material hereto, Defendant, SECOND CHANCE, was the employer of the Plaintiffs, and others similarly situated, was conducting business in this judicial district and was an 'employer' under the FLSA.

6.      That at all times material hereto, Defendant, JOSEPH JAMES COFFEY is a corporate owner and officer who was involved in the daily operations of SECOND CHANCE and otherwise had control over the aspects of the illegal employment practices alleged herein, involving the tip pool and payroll practices.

7.      That at all times material hereto, Defendant, BRIAN MATTHEWS was also involved in the daily operations of SECOND CHANCE which included but not limited to control over the tip-pool and payroll practices and was also directly responsible for the supervision of the Plaintiff during the relevant time periods.

8.      That the Plaintiffs, DOMENICK CUTUGNO, and LINDA CUTUGNO, were hired as non-exempt employees by the Defendant.

9.      That Plaintiff's, and others similarly situated, were poker dealers at the Defendant's casino, and were 'tipped' employees under the FLSA through a tip pool.

10.     That during Plaintiffs employment and others similarly situated, Defendants improperly claimed a 'tip-credit' for Plaintiffs and others similarly situated,

and illegally paid these employees below the statutorily required minimum wage under the FLSA.

11.     That, in order for Defendant to claim a 'tip-credit', the Plaintiffs and others similarly situated must be informed of the provisions of the 'tip-credit', and all tips received by Plaintiffs, and others similarly situated, must be absolutely retained by Plaintiffs, or pooled with other 'tipped' employees.

12.     That Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA.

13.     That Defendant's failure to comply with the FLSA 'tip-credit' requirements results in Defendant's inability to claim a 'tip-credit' for Plaintiffs and others similarly situated.

14.     That Defendant, unable to claim a 'tip-credit', is required to compensate Plaintiffs and others similarly situated, with at least minimum wage.

15.     That Defendant willfully refused to properly compensate Plaintiffs, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

16.     Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17.     All records concerning the number of hours actually worked by Plaintiffs, and others similarly situated, are in the exclusive possession and sole custody and control

of the Defendant, and therefore, Plaintiffs are unable to state at this time the exact amount due.

18.    Plaintiffs, however, will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings or otherwise to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs and others similarly situated.

## COUNT I
## FLSA - SECOND CHANCE JAI ALAI LLC

Plaintiffs, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19.    Plaintiffs, and others similarly situated, are entitled to the minimum wage for all hours worked pursuant to the FLSA.

20.    By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiffs, and others similarly situated, have suffered damages.

WHEREFORE, Plaintiffs, DOMENICK CUTUGNO, and LINDA CUTUGNO, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, SECOND CHANCE for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – JOSEPH JAMES COFFEY

Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

21.     Plaintiffs, and others similarly situated, are entitled to the minimum wage for all hours worked pursuant to the FLSA.

22.     By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiffs, and others similarly situated, have suffered damages.

WHEREFORE, Plaintiffs, DOMENICK CUTUGNO, and LINDA CUTUGNO, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, COFFEY for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA – BRIAN MATTHEWS

Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

23.     Plaintiffs, and others similarly situated, are entitled to the minimum wage for all hours worked pursuant to the FLSA.

24.     By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiffs, and others similarly situated, have suffered damages.

WHEREFORE, Plaintiffs, DOMENICK CUTUGNO, and LINDA CUTUGNO, on behalf of themselves and all others similarly situated, demand judgment against the Defendant, MATTHEWS for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, DOMENICK CUTUGNO, and LINDA CUTUGNO, on behalf of themselves and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

## CERTIFICATE OF COUNSEL

Pursuant to F.R.C.P. 15(a)(2), the undersigned has contacted counsel for Defendant, requesting her stipulation, and counsel for Defendant has given Plaintiffs written consent to file this Second Amended Complaint.

On January 17, 2012.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.  LEVY & LEVY, P.A.
300 Southeast Thirteenth Street    300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316     Fort Lauderdale, Florida 33316
Telephone:  (954) 463-2001         Telephone:    (954) 763-5722
Facsimile:  (954) 463-0410         Facsimile:    (954) 763-5723
E-mail: cjwhitelock@bellsouth.net  E-mail: chad@levylevylaw.com
Co-Counsel for Plaintiff           Co-Counsel for Plaintiff


s/christopher j. whitelock_____    s/chad e. levy_____
Christopher J. Whitelock, Esq.     Chad E. Levy, Esq.
Florida Bar No. 067539             Florida Bar No.  0851701