**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DOMENICK CUTUGNO and LINDA CUTUGNO, an individual, on behalf of themselves and all others similarly situated**

**Plaintiffs,**

**v.** **Case No: 5:11-CV-113-Oc-34PRL**

**SECOND CHANCE JAI ALAI LLC, BRIAN MATTHEWS and JOSEPH JAMES COFFEY**

**Defendants.**

---

# ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Exceed Ten Depositions in this Matter by an Additional Three Deponents (Doc. 49). Defendants have filed a response in opposition (Doc. 51).

Plaintiffs seek leave of Court to exceed the presumptive limit of ten depositions allowed under Federal Rule of Civil Procedure 30(a)(2)(A).[1] Courts have required a party seeking to exceed the presumptive number of depositions to make a "particularized showing of why the discovery is necessary." *Bituminous Fire and Marine Ins. Corp. v. Dawson Land*, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, *1 (M.D. Fla. Feb. 13, 2003)(*quoting Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D.Minn. 1999). The Court's decision whether to grant leave to exceed ten deposition, is governed by the principles set out in

---

[1] The Rule provides, "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . a proposed deposition would result in more than ten depositions being taken."

Federal Rule of Civil Procedure 26(b)(2) – i.e., whether the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, Plaintiffs have failed to make the requisite showing as to why they need to take more than ten depositions. Plaintiffs simply state that they "have come across additional witnesses that need to be deposed in order for the Plaintiffs to establish their case" and that these additional witnesses are key in establishing the invalidity of the tip-pool central to Plaintiffs' FLSA claims. At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of the additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.

Accordingly, Plaintiffs' Motion (Doc. 49) is due to be **DENIED.** If necessary, the issue can be revisited when and if Plaintiff has reached the limit, provided that they can demonstrate good cause consistent with the principles underlying Rule 26(b)(2).[2]

**DONE** and **ORDERED** in Ocala, Florida on October 5, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] The Court recognizes that Plaintiffs noticed depositions for nine witnesses on October 1, 2012 (Doc. 50-1) and that the discovery period closed on October 2, 2012.