## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**DOMENICK CUTUGNO and LINDA
CUTUGNO, an individual, on behalf of
themselves and all others similary
situated**

      **Plaintiffs,**

**v.**                                                                     **Case No: 5:11-cv-113-Oc-34PRL**

**SECOND CHANCE JAI ALAI LLC,
BRIAN MATTHEWS and JOSEPH
JAMES COFFEY**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Release Agreements and for Dismissal with Prejudice (Doc. 78) filed July 18, 2013.  The District Judge referred the Motion to the undersigned to prepare a Report and Recommendation as to whether the proposed settlement is a "'fair and reasonable resolution of a bona fide dispute' over FLSA issues."  (Doc. 12) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).  For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

_____

[1] Any party may file and serve specific, written objections hereto within **FOURTEEN (14) DAYS** after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

## I.  INTRODUCTION

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.*  On May 31, 2013, the parties filed their initial motion for approval of the proposed settlement agreement.  (Doc. 76).  After reviewing the proposed settlement agreement (Doc. 76-1), the undersigned identified several inappropriate provisions and uncertainty regarding how the parties reached agreement regarding attorney's fees.  Rather than recommending the denial of the motion outright, the undersigned provided the parties an opportunity to file a revised settlement agreement (*see* Doc. 77), which they timely filed. (Doc. 78-1).  The parties then filed a "Clarified Settlement Agreement and Wage and Hour Release" that clarifies the terms of the parties' agreement.  (Doc. 80-1).  The undersigned has reviewed the Clarified Settlement Agreement and, for the following reasons, believes it is due to be approved.

## II.  ANALYSIS

In *Lynn's Food Stores*, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances.  Id. at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)).  The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b).  *Id.* at 1352-53.  In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Moreover, with respect to attorney's fees and costs, the Eleventh Circuit explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F.App'x. 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F.App'x. 349.

In the instant case, Plaintiffs claim Defendants violated the FLSA in the operation of a tip pool and, thus, failed to pay the Plaintiffs minimum wage. Defendants deny Plaintiffs' claims and contend that the tip pool was operated in compliance with the law. Moreover, Defendants Joseph James Coffey and Brian Matthews (the "individual Defendants"), deny being Plaintiffs' employer. After discovery was conducted, the parties agree that material genuine disputes exist as to whether: (1) the individual Defendants were Plaintiffs' employer; (2) Plaintiffs were paid minimum wage required by law; (3) Plaintiffs were compensated for all compensable hours worked; and (4) the tip pool was operated in compliance with the law.

In light of these material genuine disputes, and in an effort to avoid the costs and uncertainty of further litigation, the parties reached a settlement of the matter at mediation, during which all parties were counseled and represented by counsel. Under the proposed settlement, Domenick Cutugno will receive $4,000.00 in back wages and $4,000.00 in liquidated damages for a total gross amount of $8,000.00; and Linda Cutugno will receive $4,000.00 in back wages and $4,000.00 in liquidated damages for a total gross amount of $8,000.00. Counsel for Plaintiffs, Whitelock & Associates will be paid $15,750.00 for attorney's fees, costs and

expenses and Levy & Levy, P.A. will be paid $15,750.00 for attorney's fees, costs and expenses which were determined and agreed upon separately and without regard to the amount paid to Plaintiff.  The parties stipulate that the agreed upon attorney's fees and costs are "fair and reasonable under the circumstances, as over the course of litigation, Plaintiffs' counsel spent a significant amount of time preparing Plaintiffs' case, including preparing the pleadings, reviewing documents, researching applicable issues, engaging in formal and informal discovery including a number of depositions, attending mediation, and engaging in settlement-related discussions that ultimately resulted in this settlement."  (Doc. 78 at 5).  Having reviewed the Clarified Settlement Agreement, the Court finds that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.

The Court further finds that the agreed-upon fee to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable.  *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).  Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiffs' counsel.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Joint Motion for Approval of Settlement and Release Agreements and for Dismissal with Prejudice (Doc. 78) should be **GRANTED** and the Clarified Settlement Agreement be **APPROVED** by the district court.  It is further respectfully recommended that the case be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk be directed to close the file.

**DONE** and **ORDERED** in Ocala, Florida on August 16, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties